*587 OPINION.
Smith :
At the hearing of this appeal it was agreed between counsel for the petitioners and counsel for the Commissioner that the opening inventory of the petitioners for the taxable year 1918 was understated in the amount of $81,890.39.
The income-tax return of the petitioners for 1918 was incorrect. We are convinced, however, from the evidence of record that the officers of the corporation who signed the return were ignorant of any error in it and innocent of any fraud in connection with verifying the return. In this situation we are of the opinion that no fraud penalty is collectible from the petitioners. Possibly, the petitioners were negligent in not detecting an understatement in the closing inventory and laid themselves liable to the imposition of the 5 per cent penalty for negligence provided for in section 250(b) of the Kevenue Act of 1918. But the Commissioner has not asserted this penalty and the question of the liability to it is not before the Board.
The third allegation of error on the part of the petitioners is that the Commissioner incorrectly computed invested capital for the year 1918. There are three allegations of error upon this point:
(1) That the Commissioner failed to include in invested capital for 1918 the understatement of the opening inventory in the amount of $31,890.39.
(2) That there should have been included in invested capital the depreciated cost of capital expenditures made during the years 1903 to 1909, in the amount of $9,944.14.
(3) That the Commissioner deducted from 1918 invested capital taxes for prior years which became due during the year 1918, which *588 is erroneous under the decision in the Appeal of Guarantee Construction Co., 2 B. T. A. 1145.
The contention of the petitioners relative to the item of $31,890.39 and the depreciated cost of improvements made during the years 1903 to 1909, costing $9,944.14, is sustained. The contention of the petitioners upon the third point is denied under the authority of the decision in Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168.
The petitioners claim that there was such an abnormality in invested capital for the year 1918 as entitles them to have their profits tax computed in accordance with the provisions of section 328 of the Revenue Act of 1918. They further contend that, inasmuch as the Commissioner has refused to submit data of comparative corporations in response to a subpoena issued by this Board, and inasmuch as the petitioners have submitted evidence as to certain concerns engaged in the manufacture of motorcycles, such concerns must be held to be representative concerns in the industry, and that, in accordance with the data submitted, the profits tax of the petitioners should be determined to be not more than 10.66 per cent of the total net income.
We are of the opinion that the evidence adduced before the Board, warrants a finding to the effect that the petitioners are entitled to have their tax computed under the provisions of section 328 of the Revenue Act of 1918 and that any relief to which they may be entitled thereby should be accorded to them. The Board can not find, however, as a fact, that the Hendee Manufacturing Co. and the Cleveland Motor Cycle Co. are representative corporations within the meaning of section 328 of the Revenue Act. One of the petitioners had Government contracts for bombing planes. It does not appear that either of the claimed comparatives had any such contracts. In this situation the selection of the comparatives must be left to the Commissioner, whose determination of whether the petitioners may be given relief under section 328, and the amount of such relief, if any, will be accepted as final. Appeal of H. T. Cushman Manufacturing Co., 2 B. T. A. 39.

Judgment will he entered on 15 days’ notice, under Rule 50.